[No 2118.   Decided October 3, 1896.]

LOUIS OTTISON, *Respondent*, v. A. G. EDMONDS *et al.,* *Defendants*, DANIEL KERN, *Appellant.*

PARTNERSHIP — EVIDENCE — SPECIAL VERDICT.

In an action against several persons on the theory that they are co-partners in the quarrying business, which relation they deny, the general verdict of the jury against them should be set aside, when the special verdict of the jury finds such partnership as having been entered into at a certain time and place, based upon a memorandum in evidence, which has none of the elements of a contract of partnership but is a unilateral agreement whereby certain lands are leased to defendants for quarrying purposes, there being no evidence showing the presence of all the alleged partners at the time and place such agreement was found by the jury to have been entered into.

Appeal from Superior Court, Clarke County.—Hon. A. L. MILLER, Judge.   Reversed.

*N. H. Bloomfield,* for appellant.
*W. W. McCredie,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent brought this action against A. G. Edmonds, C. Anderson and Daniel Kern, as partners under the firm name of Edmonds & Co., to recover for labor alleged to have been performed for said firm of Edmonds & Co., by respondent and his

assignors.    The appellant Daniel Kern answered sepa-
rately, denying generally all of the allegations of the
complaint and specially denying that he was at any
time a partner of the other defendants.    From a judg-
ment against the appellant upon the verdict of a jury,
and an order denying his motion for a new trial, he
has appealed.

Practically the only question involved in the issue
submitted to the jury was whether appellant Kern
was a partner in the firm for which plaintiff and his
assignors worked.    The contention of the appellant
in this court and in the trial below was that Anderson
and Edmonds were partners under the name of Ed-
monds & Co., engaged in getting out rock in what was
known as the "Jenny Creek Quarry," near Lewis
river in Clarke county, and as such partners they
entered into a contract with appellant — a street con-
tractor in the city of Portland — to furnish him rock.
Upon the trial of the cause appellant and Anderson
testified that there was no partnership between the de-
fendants, but that Anderson and Edmonds alone were
partners.    On behalf of respondent there was the testi-
mony of Edmonds and his wife to the fact of a part-
nership between all of the defendants, and in support
of their respective contentions various circumstances
were shown which it was proper for the jury to weigh
and consider; but, inasmuch as we have concluded
that the cause must be retried, we deem it improper
to dwell upon them.    It is sufficient to say that upon
this main question in the case the evidence was very
conflicting.

In addition to the general verdict, the jury, under
the direction of the court, returned the following
special findings, viz.:

"1st. Did the defendant Kern ever enter into a

partnership with Edmonds and Anderson, or either of them, if so when and where was this agreement made?

"A. Lewis River, Wash., June 3, 1892.

"2nd. Did the defendant Kern ever agree with Edmonds and Anderson or either of them to share with them in the profits of the stone quarry business at Lewis River, and if so when and where was any such agreement entered into between them, and who was present at the time?

"A. At Lewis River, June 3, 1892; John Shute, A. G. Edmonds, Daniel Kern and C. Anderson."

There was no evidence submitted at the trial in any wise tending to show that the appellant Kern was at Lewis River, Washington, on June 3, 1892, but respondent put in evidence the following paper or memorandum:

"LOUIS RIVER, Wash., June 3rd, 1892.

"This agreement of lease made and entered this third day of June, 1892, by and between John Shute, of the first part, and A. G. Edmonds and Daniel Kern and C. Anderson, parties of the second part, for and in consideration hereinafter expressed. Parties of the second part shall have the right to enter in to party of the first part property on Jenny Creek and open quarrys for to get out any and all kinds of stone, for building and paving purposes, and shall have and hold the said quarrys and canyon for the term of ten years; and the first year to be free of charge and thereafter to pay to party of the first part, the sum of five dollars per scow load, holding twenty-five thousand paving blocks; and the sum of four dollars per scow load of building stone; the said to be equal in weight to the aforesaid scow load of paving blocks. The party of the second part is to have the right to use all timber necessary for building the tramway, or wagon road to said quarry, and also to build the said road on either side of said creek or canyon, on the first party's property. The party of the first part.

shall have the right, if the second party fails to work the said quarry for one year, to take the same out of their hands and claim it as his own property, and the lease of said quarry and canyon to be null and void.
    " (Signed)                    JOHN SHUTTE."

It is apparent therefore that the special findings of the jury, that the partnership was entered into at the place and time mentioned in their answers, were based upon the assumption that the foregoing memorandum constituted a partnership agreement binding upon the appellant. It needs neither argument nor citation of authority to show that this assumption was erroneous and the jury mistaken. Indeed, the testimony of Edmonds himself was that the partnership was formed on the streets of Portland at a different date. The finding of the jury must be accepted as it was given, viz., that the partnership was entered into at Lewis River, Washington, on June 3, 1892; and as such finding is clearly based upon a misconception of the character of the paper signed by Shutte above set out, and the finding wholly without evidence to support it, it follows that the verdict must be set aside and a new trial awarded. It is no answer to the contention of the appellant to say that there was other evidence upon which the jury might have based their finding that a partnership existed between the defendants. It is sufficient to say that they have not done so, but accepted, as sufficient proof for that purpose, something which in law is wholly insufficient. It is clear that they attached an importance to the paper which did not belong to it, and gave it weight when it was entitled to none. What their verdict would have been had they not labored under such mistake cannot be told, and in view of the conflicting evidence it is forbidden that we should assume to say.

Sec. 376 of the Code provides that "when a special finding of facts shall be inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." It follows that a new trial must be awarded.

Reversed.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.